**The Cardoza Law Corporation**
Michael F. Cardoza, Esq. (SBN: 194065)
Mike.Cardoza@cardozalawcorp.com
548 Market St. #80594
San Francisco, CA 94104
Telephone: (415) 488-8041
Facsimile: (415) 651-9700
*Attorney for Plaintiff*,
Zuleima Millan

# UNITED STATES DISTRICT COURT
# FOR THE
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| ZULEIMA MILLAN<br><br>Plaintiff,<br><br>v.<br><br>FIDELITY CAPITAL HOLDINGS, INC. and DOES 1-15;<br><br>Defendants | Case No.:_____<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

///

///

///

///

**COMPLAINT CASE NO.** _____

## **INTRODUCTION**

1. This is an action for actual damages, statutory damages, attorney fees, and costs brought by an individual consumer for Defendants' violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA") , the California Fair Debt Buying Practices Act, California Civil Code § 1788 et seq. (hereinafter "FDBPA"), the California Consumer Credit Reporting Agencies Act, California Civil Code § 1785 et seq. (hereinafter "CCRAA"), and California Business and Professional Code § 17200, all of which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

2. According to 15 U.S.C. § 1692:

   a. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

   b. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

   c. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

   d. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

   e. It is the purpose of this title to eliminate abusive debt collection practice by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices

are not competitively disadvantaged, and to promote consistent State action to protect Consumers against debt collection abuses.

## JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States , and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

4. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

5. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## INTRADISTRICT ASSIGNMENT

6. Intradistrict assignment to the SAN JOSE DIVISION is proper because this case's category is not excepted by Civil L.R. 3-2(c) and a substantial part of the events or omissions which give rise to the claim occurred in the county of SANTA CLARA.

## PARTIES

7. Plaintiff ZULEIMA MILLAN (hereinafter "Plaintiff") is a natural person residing in Santa Clara County, California. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant FIDELITY CAPITAL HOLDINGS, INC. (hereinafter "Defendant Fidelity") is a California corporation, a debt-buyer and a debt collection agency operating from an address

**COMPLAINT CASE NO.** _____ **Page 3 of 11**

of 441 N Varney St. Burbank, California, 91502 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), a "debt buyer" as that term is defined by Cal. Civ. Code § 1788.50(a)(1), and a "person" who "furnished information on a specific transaction or experience to any consumer credit reporting agency" under CalCiv § 1785.25. It does business as "Fidelity Creditor Service, Inc."

9. The debt at issue is a "charged-off consumer debt" within the meaning of CalCiv § 1788.50(a)(2).

10. The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 15, inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes and thereon allege that each Named Defendant and each Defendant designated as a DOE is involved in or is in some manner responsible as an officer, director, managing agent, principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third-party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff. Plaintiff requests that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

11. Plaintiff is informed and believes, and thereon allege that at all times herein mentioned, Named Defendants and Defendants DOES 1 through 15, were agents, officers, directors, managing agents, or employees of each of their co-defendants and, in doing the things hereafter mentioned, each was acting in the scope of his authority as such agent, officer, director, managing agent, or employee and with the permission, knowledge, ratification, and consent of their co-defendants, and each of them.

## STATEMENT OF FACTS

12. In or about June of 2012, Plaintiff is alleged to have incurred a financial obligation that was primarily for personal, family or household purposes, that allegedly went into default for non-payment, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) namely, costs related to a residential tenancy in the approximate amount of $5,000.00.

13. Plaintiff discovered on August 19, 2014 that she had two derogatory entries associated with her credit report furnished by Defendant (See Exhibit A).

14. Defendant bought the debt at issue which had been charged off and was in a defaulted status on November 19, 2014 (See Exhibit B).

15. On August 7, 2015, P disputed this debt and these entries with Defendant in the form and manner prescribed in CalCiv § 1788, explaining that she was not a party to the contract and was, in fact, a minor child until less than two months prior to the notice to pay or quit pursuant to eviction and therefore not liable for the debt. (See Exhibit C)

16. On August 12, 2015, Defendant again demanded payment of the debt and attempted to comply with FDBPA, and because the claim was "based on debt for which no signed contract or agreement exists" failed (from that date and into the present) to provide "a copy of a document provided to the debtor while the account was active, demonstrating that the debt was incurred by the debtor" Defendant's response, in fact, corroborated Plaintiff's claim that she was not a party to the rental contract. (See Exhibit D)

17. At no time did Defendant ever include the detailed notification required by the FDBPA in its initial written notice to Plaintiff.

18. Instead of ceasing all collections pursuant to the FDBPA, Defendant again demanded payment on May 19, 2016 and implied that the full amount of the debt was justifiably owed pursuant to a court judgment with Case No: 112cv226554. (See Exhibit E)

**COMPLAINT CASE NO.** _____     **Page 5 of 11**

19. Between September, 2014, June 20, 2016, and continuing into the present, Defendant willfully furnished two tradelines that it knew or should have known were incorrect or caused such inaccurate information to remain furnished by failing to delete the inaccurate tradelines. (See Exhibit F)

20. Between September, 2014, June 20, 2016, and continuing into the present, Defendant willfully furnished a tradeline that was the subject of continuing dispute without annotating such dispute, or caused such inaccurate information to remain furnished by willfully failing to annotate the dispute. (See Exhibit F)

### *Actual Damages*

21. Plaintiff has suffered actual damages as a result of these illegal collection and credit reporting tactics by these Defendants in the form of loss of productive time, and nausea, hopelessness, anger, persecution, anxiety, emotional distress, fear, frustration, upset, humiliation, and embarrassment, amongst other negative emotions.

### CAUSES OF ACTION

### COUNT I
### VIOLATION OF § 1692e(2)(A) OF THE FDCPA

22. A debt collector violates § 1692e(2)(A) of the FDCPA when it falsely represents the character, amount, or legal status of debt in connection with collection of a debt.

23. Defendant violated § 1692 e(2)(A) by attempting to collect a debt not owed by the Plaintiff on August 12, 2015, May 19, 2016, representing to credit reporting agencies that Plaintiff did owe the debt, and, on May 19, 2016, falsely representing that the non-legal portion of the alleged debt was, in fact, the subject of a legal judgment.

### COUNT II
### VIOLATION OF § 1692e(8) OF THE FDCPA

**COMPLAINT CASE NO.** _____        Page 6 of 11

24. A debt collector violates § 1692e(8) of the FDCPA when it communicates to any person credit information which is known or which should be known to be false.

25. Defendant violated § 1692e(8) by communicating credit information regarding Plaintiff that it knew to be false.

## COUNT III
## VIOLATION OF § 1692f OF THE FDCPA

26. A debt collector violates § 1692f of the FDCPA when it attempts to collect any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

27. Defendants violated § 1692f when they knowingly and willfully attempted to collect debts from Plaintiff that were not owed by Plaintiff and for which they had no proof that were owed by Plaintiff.

## COUNT IV
## VIOLATION OF § 1788.52(c) OF THE FDBPA

28. A debt buyer violates § 1788.52(c) of the California Civil Code when, if, pursuant to a request by Plaintiff in the form and manner prescribed in CalCiv § 1788, it does not provide the documents prescribed by CalCiv § 1788, it does not immediately cease all collection activity until such documents are provided.

29. Defendant violated § 1788.52(c) of the California Civil Code when, it, pursuant to a request by Plaintiff in the form and manner prescribed in CalCiv § 1788, did not provide the documents prescribed by CalCiv § 1788, and did not immediately cease all collection activity until such documents were provided, as evidenced by the continued furnishing of negative credit information (from August 12, 2015 into the present), failure to delete negative credit information (from August 12, 2015 into the present), and demand for payment on August 12, 2015 and May 19, 2016.

## COUNT IV
## VIOLATION OF § 1788.52(d) OF THE FDBPA

30. A debt buyer violates § 1788.52(d) of the California Civil Code when it does not include with its first written communication with the Plaintiff, the notice required by § 1788.52(d).

31. Defendant violated § 1788.52(d) of the California Civil Code when it failed to include with its first written communication with the Plaintiff, the notice required by § 1788.52(d).

## COUNT V
## VIOLATION OF § 1788.25(a) OF THE CCRAA

32. A person violates § 1788.25(a) of the California Civil Code when they furnish information on a specific transaction or experience to any consumer credit reporting agency and they know or should know that the information is incomplete or inaccurate.

33. Defendant violated § 1788.25(a) of the California Civil Code when it willfully furnished Plaintiff's negative credit information to at least one consumer credit reporting agency and they knew or had reasonably should have known that the information was incomplete or inaccurate because their own records showed that Plaintiff was not a party to the lease.

## COUNT VI
## VIOLATION OF § 1788.25(b) OF THE CCRAA

34. A person violates § 1788.25(b) of the California Civil Code when they (1) in the ordinary course of business regularly and on a routine basis furnish information to one or more consumer credit reporting agencies about the person's own transactions or experiences with one or more consumers and (2) determine that information on a specific transaction or experience so provided to a consumer credit reporting agency is not complete or accurate, fail to promptly notify the consumer credit reporting agency of that determination and provide to the consumer credit reporting agency any corrections to that information, or any

additional information, that is necessary to make the information provided by the person to the consumer credit reporting agency complete and accurate.

35. Defendant violated § 1788.25(b) of the California Civil Code when it willfully failed to promptly notify the consumer credit reporting agency of the disputed status of Plaintiff's debt.

## COUNT VII
## VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONAL CODE § 17200

36. A defendant violates California Business and Professional Code § 17200 when it engages in any unlawful, unfair, or fraudulent business act or practice.

37. Defendants violated California Business and Professional Code § 17200 by their business acts and practices that violated the FDCPA, the FDBPA, and the CCRAA.

38. Defendants also violated California Business and Professional Code § 17200 by unfairly and willfully attempting to coerce Plaintiff into paying Defendant money that she did not owe by alleging that she did owe it, reporting a debt owed by Plaintiff to consumer credit reporting agencies, and failing to take corrective action in the face of obvious and overwhelming proof that she was a minor child living with parents who were ultimately evicted and sued.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows:

a) Award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1), Cal. Civ. Code § 1788.31, and Cal. Civ. Code § 1788.62 against Defendant and for Plaintiff, and

b) Award of statutory damages in the amount of $1000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(a) against Defendant and for Plaintiff, and

c) Award of statutory damages in the amount of $1000.00 pursuant to Cal. Civ. Code § 1788.62 against Defendant and for Plaintiff, and

d) Award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3), Cal. Civ. Code § 1785.31, and Cal. Civ. Code § 1788.62 against Defendant and for Plaintiff, and,

e) Award of injunctive relief pursuant to Cal. Civ. Code § 1785.31 and California Business and Professional Code § 17200, to wit, that Defendant move the State Court to strike Plaintiff's name from the eviction-related money judgment, that declaratory judgment be granted in favor of Plaintiff, to wit, that she owes nothing associated with these/this debt(s), and that Defendant instruct any and all consumer credit reporting agencies to which it had furnished data to completely remove the erroneous tradlines that are the subject of this complaint.

f) Award of restitution as may be fair and equitable pursuant to California Business and Professional Code § 17200 against Defendant and for Plaintiff, and,

g) Award of punitive damages in the amount of $10,000 pursuant to Cal. Civ. Code § 1785.31 against Defendant and for Plaintiff, and,

h) Award to Plaintiff of such other and further relief as may be just and proper.

## **CERTIFICATION PURSUANT TO CIVIL L.R. 3-15**

Pursuant to Civil L.R. 3-15, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

BY: /S/ MICHAEL F. CARDOZA
MICHAEL F. CARDOZA, ESQ.

## **TRIAL BY JURY IS DEMANDED.**

THE CARDOZA LAW CORPORATION

| | |
|---|---|
| DATED: August 8, 2016 | BY: /s/ MICHAEL F. CARDOZA |
| | MICHAEL F. CARDOZA, ESQ. |
| | (SBN: 194065) |
| | MIKE.CARDOZA@CARDOZALAWCORP.COM |
| | 548 MARKET ST. #80594 |
| | SAN FRANCISCO, CA 94104 |
| | TELEPHONE: (855) 982-2400 |
| | FACSIMILE:  (415) 651-9700 |
| | |
| | ATTORNEY FOR PLAINTIFF, |
| | ZULEIMA MILLAN |

**COMPLAINT CASE NO. _____**      **Page 11 of 11**